```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :    CRIM. NO. 3:02CR24(SRU)
                              :
                              :    February 17, 2006
        v.                    :
                              :
SAMUEL WILSON                 :
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR EARLY TERMINATION OF PROBATION**

On February 5, 2002, a grand jury sitting in Bridgeport, Connecticut returned an indictment against Samuel Wilson (the "defendant") charging him with various violations of 21 U.S.C. §§ 846 and 841(a)(1).[1]  On August 29, 2002, the defendant pleaded guilty to Count One of the Indictment, which alleged that he conspired to possess with the intent to distribution and distributed cocaine.  On November 18, 2002, the Court sentenced the defendant to a term of probation of five years, with six months home confinement, 360 hours of community service, and a fine of $3,000.

On July 15, 2004, the defendant filed a request to terminate his five-year termination of probation, which the Court denied.

On February 13, 2006, the defendant filed a second request

---

[1] The defendant mistakenly claims that he was on pretrial release for approximately two-years.  This mistake appears to stem from the defendant's incorrect identification of the dates on which the grand jury returned an Indictment and of his arrest.

for earlier termination.  Like before, the defendant simply offers that he has been in "full compliance with the terms of his probation" as warranting early termination.  (See Def.'s Mot. Early Termination of Supervised Release ¶ 5 [hereinafter "Def.'s Mot."].)  The Government opposes the defendant's request.

Title 18 U.S.C. § 3564© authorizes the Court to grant early termination of probation in certain circumstances.  That section provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interests of justice.

18 U.S.C. § 3564©.

The factors referenced in Section 3564 which the Court must consider are the same factors considered during sentencing. United States v. Herrera, 1998 WL 684471 at *1 (S.D.N.Y., Sept. 30, 1998).  These include:

>     (a) (1) the nature and circumstances of the
>         offense and the history and
>         characteristics of the defendant;
>
>     (2) the need for the sentence imposed -
>
>         (A)  to reflect the seriousness of the
>              offense, to promote respect for the
>              law, and to provide just punishment for

>               the offense;
>
>   (B)   to afford adequate deterrence to
>         criminal conduct;
>
>   (C)   to protect the public from further
>         crimes of the defendant; and
>
>   (D)   to provide the defendant with needed
>         educational or vocational training,
>         medical care, or other correctional
>         treatment in the most effective manner;
>
> (3)   the kinds of sentences available;
>
> (4)   the kinds of sentences and the sentencing
>       range established for-
>
>   (A)   the applicable category of offense
>         committed by the applicable category of
>         defendant as set forth in the
>         guidelines issued by the Sentencing
>         Commission pursuant to section
>         994(a)(1) of title 28, United States
>         Code, and that are in effect on the
>         date the defendant is sentenced; or
>
>   (B)   in the case of a violation of probation
>         or supervised release, the applicable
>         guidelines or policy statements issued
>         by the Sentencing Commission pursuant
>         to section 994(a)(3) of title 28,
>         United States Code;
>
> (5)   any pertinent policy statement issued by the
>       Sentencing Commission pursuant to 28 U.S.C.
>       994(a)(2) that is in effect on the date the
>       defendant is sentenced;
>
> (6)   the need to avoid unwarranted sentence
>       disparities among defendants with similar
>       records who have been found guilty of
>       similar conduct; and
>
> (7)   the need to provide restitution to any
>       victim of the offense.

18 U.S.C. § 3553(a).

The decision to grant early termination of probation rests within the sound discretion of the court. United States v. Rasco, 2000 WL 45438 at *3 (S.D.N.Y., Jan. 19, 2000). Early termination, however, is "not warranted as a matter of course." United States v. Herrera, 1998 WL 684471 at *2 (S.D.N.Y., Sept. 30, 1998). "It may be justified 'occasionally' in cases of new or unforseen circumstances." Id. (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36.

The defendant has the burden to demonstrate that the circumstances warrant early termination. Rasco, 2000 WL 45438 at *3 ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.").

Where the defendant presents no new or exceptional

circumstances, early termination of probation is not warranted. Herrera, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); United States v. Martin, 1992 WL 178585 at *1 (S.D.N.Y., July 13, 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

Full compliance with the terms of probation is expected and does not justify early termination. Herrera, 1998 WL 684471 at *2 ("[T]he fact that Herrera has complied with the terms of his probation is commendable, but that ultimately is what is expected of him."). If mere compliance with the terms of probation were sufficient to justify early termination, "the exception would swallow the rule." United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

The defendant does not offer any information that justifies early termination of his supervised release. The defendant makes no assertion of extraordinary conduct or changed circumstances that make his supervised release unduly burdensome or harsh. See Def.'s Mot. Defendant contends that he has "been in full compliance with the terms of his probation." Def.'s Mot. ¶ 5.

He fails to present any evidence of extraordinary conduct or evidence of new or exceptional circumstances that might warrant an early termination.  Furthermore, the defendant fails to argue that any particular hardship or injustice would result from his completing the term of supervised release.  Absent such a showing, a defendant's motion for early termination should be denied.  Herrera, 1998 WL 684471 at *2.

**Conclusion**

    For the reasons discussed above, defendant's motion for early termination of his probation should be denied.

                                       Respectfully submitted,

                                       KEVIN J. O'CONNOR
                                       UNITED STATES ATTORNEY

                                           /s/

                                       JAMES J. FINNERTY
                                       ASSISTANT UNITED STATES ATTORNEY
                                       United States Attorney's Office
                                       United States Courthouse
                                       915 Lafayette Boulevard
                                       Bridgeport, CT 06604
                                       Tel: (203) 696-3000
                                       Federal Bar No. CT15203

CERTIFICATION OF SERVICE

    I hereby certify that on **February 17, 2006,** a copy of foregoing was filed electronically on opposing counsel. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System. In addition, a copy was forwarded via hand-delivery to:

Virginia Swisher  
Supervisory United States Probation Officer  
United States Probation Office  
 for the District of Connecticut  
United States Courthouse  
915 Lafayette Boulevard  
Bridgeport, Connecticut 06604  

                                        _____/s/_____  
                                        JAMES J. FINNERTY  
                                        ASSISTANT UNITED STATES ATTORNEY